UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Thomas G. Sleeth and Brianna A. Sleeth,**

        **Plaintiffs,**

     **v.**          5:03-CV-317

**The United States of America,**

        **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Cote, Limpert & Van Dyke, LLP
Joseph S. Cote, III, Esq., of Counsel
214 North State Street
Syracuse, New York 13203

Hon. Glenn T. Suddaby, United States Attorney
Paula Ryan Conan, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York  13261

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

  Presently before the Court is plaintiffs' motion in limine (Dkt. No. 95) to preclude the proposed testimony of defendant's expert William Olivero, M.D. and to amend the caption to name Lee Woodard, Esq., trustee for the bankruptcy estate of Thomas G. Sleeth, as plaintiff. Plaintiffs' counsel also advises that Brianna A. Sleeth, who is now divorced from Thomas Sleeth, wishes to be removed as a party plaintiff.

  The motion insofar as it seeks to amend the caption is granted without prejudice to any rights of the United States under Rule 68 of the Federal Rules of Civil Procedure.  Hereinafter,

"Lee Woodard, Esq., as the Trustee of the Bankruptcy Estate of Thomas G. Sleeth" is substituted as plaintiff in the place of Thomas G. Sleeth.

Plaintiffs' motion to preclude the proposed testimony of defendant's expert William Olivero, M.D. is denied as untimely.  Moreover, plaintiffs have not demonstrated that Dr. Olivero's testimony is not reliable and/or is not relevant so as to warrant preclusion.[1]  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

Plaintiffs' counsel's October 30, 2007 affirmation requests that Brianna Sleeth be removed as a party plaintiff.  The Court treats this request as a motion pursuant to Rule 41 of the Federal Rules of Civil Procedure.  Under the circumstances of this case, any effect such a change in status might have on Brianna Sleeth's credibility as a witness can be taken into account by the Court in evaluating her testimony; this issue does not warrant denial of the motion.  Defendant's counsel also raises the question of the effect such a change in status would have on defendant's use of Brianna Sleeth's deposition at trial.  Defendant's counsel does not, however, claim that her trial preparation would have been different if this request had been made in a more timely manner, nor does counsel allege any other prejudice to defendant stemming from the last-minute timing of the request.  Accordingly, discontinuance of Brianna Sleeth's claims is granted.

It is therefore

ORDERED that plaintiffs' motion *in limine* (Dkt. No. 95) is granted in part and denied in part; and it is further

---

[1] Fed. R. Civ. P. 702, governing expert testimony, provides:
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

ORDERED that discontinuance of the claims of Brianna A. Sleeth is granted; and it is further

ORDERED that "Lee Woodard, Esq., as the Trustee of the Bankruptcy Estate of Thomas G. Sleeth" is substituted as plaintiff in the place of Thomas G. Sleeth, without prejudice to any rights of the United States under Rule 68 of the Federal Rules of Civil Procedure; and it is further

ORDERED that the clerk amend the caption of this action to read:

------------------------------------------------------

**Lee Woodard, Esq., as the Trustee of the Bankruptcy Estate of Thomas G. Sleeth,**

                                              **Plaintiff,**

                    **v.**                            **5:03-CV-317**

**The United States of America,**

                                              **Defendant.**

------------------------------------------------------

and it is further

ORDERED that preclusion of the testimony of defendant's expert, William Olivero, M.D., is denied.

IT IS SO ORDERED.

November 8, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

-3-